# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7372 | **DATE** | 10/1/2002 |
| **CASE TITLE** | UNITED STATES ex rel. OBIE WARLICK vs. MICHAEL L. HOLMES | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Petitioner Warlick's petition for a writ of habeas corpus is denied and this case is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| ✓ | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

TBK

courtroom deputy's initials

number of notices

OCT 02 2002
date docketed

CV
docketing deputy initials

date mailed notice

Document Number

17

U.S. DISTRICT COURT
CLERK

02 OCT -1 PM 2:46

01-C3-0371.1

Date/time received in central Clerk's Office

mailing deputy initials

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel. OBIE WARLICK, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | No. 01 C 7372 **DOCKETED**<br>Paul E. Plunkett, Senior Judge OCT 0 2 2002 |
| MICHAEL L. HOLMES, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Obie Warlick has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § ("section") 2254 challenging his state criminal conviction. For the reasons set forth below, the petition is denied and this case is dismissed with prejudice.

## Procedural Background

In 1997, Warlick was convicted of burglary and sentenced to a twelve-year prison term. (See Gov't Ex. D, People v. Warlick, 707 N.E.2d 214, 215-16 (Ill. App. Ct. 1998).) He appealed both his conviction and sentence. On December 31, 1998, the Illinois Appellate Court affirmed the trial court's rulings in all respects. (Id. at 219.)

On February 4, 1999, Warlick filed a petition for leave to appeal to the Illinois Supreme Court. (See Gov't Ex. E, 2/4/99 Pet. Leave Appeal.) On March 31, 1999, the petition was denied.

(See Gov't Ex. F, People v. Warlick, No. 87027 (Ill. Sup. Ct. Mar. 31, 1999).) Warlick did not seek

leave to appeal to the United States Supreme Court.

On July 2, 1999, Warlick filed a petition for post-conviction relief. (See Gov't Ex. G., 7/2/99

Pet. Post-Conviction Relief.) The petition was denied on August 27, 1999. (See Gov't Ex. J, People

v. Warlick, No. 97 CR 9109 (Circuit Ct. Cook County Aug. 27, 1999).)

In August 2000, Warlick appealed the denial of his petition for post-conviction relief. (See

Gov't Ex. K, Warlick Post-Conviction Br.) On November 8, 2000, the appellate court affirmed the

circuit court's decision. (See Gov't Ex. M, People v. Warlick, No. 1-99-4234 (Ill. App. Ct. Nov. 8,

2000).)

On December 15, 2000, Warlick sought leave to appeal the adverse decision on his post-

conviction petition to the Illinois Supreme Court. (See Gov't Ex. N, 12/15/00 Pet. Leave Appeal.)

On January 29, 2001, his petition was denied. (See Gov't Ex. O, People v. Warlick, No. 90645 (Ill.

Sup. Ct. Jan. 29, 2001).)


## Discussion

Warlick raises six claims in this proceeding: (1) there was insufficient evidence to sustain

his conviction for burglary; (2) the trial court erred in denying his request for a continuance to

investigate a witness belatedly identified by the prosecution; (3) the trial court erred when it admitted

hearsay testimony regarding the police investigation; (4) the prosecutor's improper comments during

closing argument denied him a fair trial; (5) the state court erred when it dismissed his ineffective

assistance of counsel claim; and (6) the state court erred when it dismissed his due process claim.[1]

The government contends that Warlick's last two claims are not cognizable because they do

not implicate any federal right. See 28 U.S.C. § 2254(a) ("[A] . . . court shall entertain an application

for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court

only on the ground that he is in custody in violation of the Constitution or laws or treaties of the

United States."). In the government's view, Warlick challenges only the state court's decision not

to hold a hearing on his ineffective assistance and due process claims, not its decisions on the merits

of those claims. Because the decision not to hold a hearing is purely a matter of state law, the

government says that these claims are not eligible for habeas review.

The Court disagrees. Construed liberally, as pro se pleadings must be, Warlick's habeas

petition challenges both the state court's failure to hold a hearing and its substantive decisions on

his ineffective assistance and due process claims. Certainly the latter claims, which allege violations

of his federal constitutional rights, are cognizable in a habeas proceeding, even though the former

ones are not.

Warlick is eligible for relief on those and his other claims, however, only if he fairly apprised

the state courts of the alleged constitutional violations and they failed to take corrective action.

Verdin v. O'Leary, 972 F.2d 1467, 1473 (7th Cir. 1992). Warlick fairly presented his claims if he:

(1) relied on federal cases employing a constitutional analysis or state cases applying a constitutional

---

[1]Warlick also claims that there was not enough evidence to support his conviction for possession of burglary tools. The record establishes, however, that Warlick was not convicted of that crime. (See Gov't Ex. D, People v. Warlick, 707 N.E.2d 214, 219 (Ill. App. Ct. 1998).) Thus, we have omitted that claim from this discussion.

analysis to a similar factual situation; (2) asserted the claim in terms that evoke a specific constitutional right; or (3) alleged a fact pattern that is "well within the mainstream of constitutional litigation." Id. at 1473-74 (internal quotation marks and citation omitted). A review of Warlick's post-conviction briefs demonstrates that he fairly presented his ineffective assistance and due process claims. (See generally, Gov't Ex H, Post-Conviction Pet; Gov't Ex. I, Mot. Supplement Post-Conviction Pet.) In the portions devoted to the former claim, Warlick cited Strickland v. Washington, 466 U.S. 668 (1984), the controlling legal standard for ineffective assistance claims. Moreover, though he did not do so for the latter claim (indeed, he did not even frame it as a due process claim until his appeal), the fact pattern he alleged – that his conviction was procured through governmentally-suborned perjury – plainly evokes the due process clause. Thus, Warlick's ineffective assistance and due process claims are proper subjects for habeas review.[2]

The government concedes that Warlick's first claim, which challenges the sufficiency of the evidence against him, was also fairly presented. But it contends that his remaining claims were not. Warlick procedurally defaulted his second claim, challenging the court's refusal to grant a continuance, the government says, by failing to raise it on appeal from the denial of his post-

---

[2]The government contends that the ineffective assistance claim is also defaulted because the state appellate court determined that he had waived the claim by failing to raise it on direct appeal. (See Gov't Ex. M, People v. Warlick, No. 1-99-4234 at 5 (Ill. App. Ct. Nov. 8, 2000).) The state court did not, however, rest its decision on waiver. Rather, it proceeded to decide the merits of the claim. (See id.) Because the state court's decision on Warlick's ineffective assistance claim did not rest on an independent state ground, it is not procedurally defaulted. See Moore v. Parke, 148 F.3d 705, 708 (7th Cir. 1998) ("A state court decision *declining* to hear the merits of the claim will bar federal habeas review if the state court decision rests on a state law ground that is both independent of the federal question and adequate to support the judgment.") (internal quotation marks and citation omitted) (emphasis added).

-4-

conviction petition. The Court agrees. Warlick raised only two claims in his appeal from the denial

of his post-conviction petition: his ineffective assistance and due process claims. (See Gov't Ex.

K, People v. Warlick, No. 99-4234, Opening Br. & Argument Pet'r-Appellant.) His failure to

include the continuance claim in his post-conviction appeal constitutes a procedural default that

precludes habeas review. Farrell v. Lane, 939 F.2d 409, 411 (7th Cir. 1991).

Warlick has also forfeited habeas review of his third and fourth claims challenging the trial

court's admission of hearsay evidence and the prosecutor's improper statements during closing

argument. Though Warlick raised both of these claims on direct appeal, he did not include them in

his petition for leave to appeal to the Illinois Supreme Court. (See Gov't Ex. E, People v. Warlick,

No. 87027, Pet. Leave Appeal.) That omission is also a procedural default that bars habeas review.

O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (holding that "claims [not presented] in a petition

for discretionary review to a state court of last resort" are procedurally defaulted).[3]

We can, however, proceed to the merits of Warlick's first, fifth and sixth claims. That review

is controlled by section 2254, which provides:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim--
>
> > (1)     resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or

---

[3]Warlick could avoid his procedural defaults by showing cause for and prejudice from failing
to present these claims to the state court or that this Court's failure to consider his claims would lead
to a fundamental miscarriage of justice. Oliver v. United States, 961 F.2d 1339, 1341 & n.2 (7th Cir.
1992). He has done neither.

(2)	resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1)	In a proceeding instituted by . . . a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by the State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The "contrary to" clause of section 2254(d)(1) applies only to questions of law. Lindh v. Murphy, 96 F.3d 856, 868-69 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). It requires federal courts "to give state courts' opinions a respectful reading, and to listen carefully to their conclusions, but when the state court addresses a legal question, it is the law 'as determined by the Supreme Court of the United States' that prevails." Id. at 869 (quoting section 2254(d)(1)). The "unreasonable application" clause of section 2254(d)(1) applies to mixed questions of law and fact. Id. at 870. It "restricts the grant of collateral relief to cases in which the state's decision reflects 'an unreasonable application of' the law" to the facts. Id. (quoting section 2254(d)(1)). Section 2254(e)(1) applies only to factual determinations, which are presumed correct unless rebutted by the petitioner with clear and convincing evidence.

Warlick's first claim, that there was not enough evidence to convict him of burglary, is a mixed question of law and fact. Gomez v. Acevedo, 106 F.3d 192, 199 (7th Cir.), vacated on other grounds, 522 U.S. 801 (1997). Thus, he is entitled to habeas relief only if the state court's determination that there was enough evidence to convict him was an unreasonable application of federal law to the presumptively correct facts found by the court.

A conviction violates the due process clause only if, viewing the evidence in the light most favorable to the prosecution, no reasonable fact finder could have found the essential elements of

-6-

the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). In Illinois, a person commits burglary if "he knowingly enters or without authority remains within a building . . . with intent to commit therein a felony or theft." 720 ILL. COMP. STAT. 5/19-1(a). Viewed favorably to the prosecution, the evidence shows that the police were called to a recycling center to investigate a burglary. (Gov't Ex. D, People v. Warlick, 707 N.E.2d 214, 216 (Ill. App. Ct. 1998).) When they arrived, they saw an open window with a single set of footprints leading up to it. Id. As one of the officers entered the building, he saw Warlick running away. The officers chased and cornered Warlick, who hid under a truck. Id. Further investigation revealed that: a car parked inside the building had been ransacked, a briefcase and leather jacket, both of which belonged to the owner of the car, were on the floor underneath the open window, and a canvas bag containing tools, the ownership of which was never established, was underneath the window on the outside of the building. Id. at 216-17. Though Warlick did not testify at trial, his counsel admitted that he had gone into the building without permission. Id. at 217.

It is reasonable to conclude, from the lack of evidence about other possible means of entry, that Warlick entered the recycling center through the open window. Moreover, it is reasonable to conclude, from Warlick's attempt to flee from the police, that he had done something unlawful. It is also reasonable to conclude, from the ransacked car, the placement of the leather jacket and briefcase under the open window inside the center, the placement of the bag of tools under the open window outside of the center and the fact that Warlick was the only person in the building without authority to be there, that he intended to steal those items from the center. In short, though not overwhelming, the government's evidence is not so weak that no rational jury could find beyond a reasonable doubt that Warlick had entered the recycling center without permission and with the

intent to commit a theft. Thus, the state court's ruling that there was sufficient evidence to support

the burglary conviction against him was not an unreasonable application of federal law to the facts

of his case.

Warlick's next claim, that his trial counsel was constitutionally ineffective, is also a mixed

question of law and fact, see Strickland, 466 U.S. at 698, requiring us to determine only whether the

state court unreasonably applied federal law to the facts of his case. The federal law, in this instance,

is set forth in Strickland, which says that a lawyer is constitutionally ineffective if his performance

falls below an objective standard of reasonableness and the poor performance prejudices his client.

Id. at 688, 692. Warlick says that his lawyer's work was objectively unreasonable because he failed

to present evidence that: (1) the recycling center employees denied owning the bag of tools found

under the window outside of the recycling center; and (2) a police officer told a recycling center

employee to testify falsely about the ownership of certain items found at the scene. His lawyer's

conduct prejudiced him, Warlick says, because he would not have been convicted if that evidence

had been presented.

The state court analyzed the issue as follows:

[T]he record does not support Warlick's claim that he received ineffective assistance
of counsel. Warlick contends his trial counsel failed to act upon information Warlick
supplied to him. This claim is supported by "nonfactual and nonspecific assertions
amounting to mere conclusions." See People v. Wilson, 307 Ill. App. 3d 140, 145
(1999).

Warlick asserts that, on the night of his arrest, certain unidentified employees of the
recycling center could not establish ownership for certain "items" the police
inventoried in relation to the offense. He also claims that later, at the preliminary
hearing, a police officer told a "complaining witness" to say items belonged to
someone at the recycling center, though they did not.

The evidence presented at trial does not support either of these assertions. The State never established ownership for the bag of tools, can of paint, and other small items which were found underneath the open window, outside of the center. But the State was not required to do so. The offense of burglary is proved if the State can show the defendant made an unauthorized entry into a building or other structure, with the intent to commit a theft. Evidence that Lima's car had been ransacked and that items not belonging to Warlick were found under the open window was sufficient to support the jury's finding that Warlick had entered the recycling center with the requisite intent.

(Gov't Ex. M, People v. Warlick, No. 1-99-4234 at 5-6 (Ill. App. Ct. Nov. 8, 2000).)

Though the court did not mention Strickland, it clearly determined that Warlick's lawyer had not performed unreasonably and that his performance had not prejudiced Warlick. Given the applicable law and the presumptively correct facts found by the court – ownership of the contested items was not established, the car parked in the recycling center had been ransacked and items that Warlick did not own were found under the open window – its conclusion that Warlick's right to effective assistance of counsel was not violated was a reasonable one. Accordingly, Warlick is not entitled to habeas relief on his ineffective assistance claim.

Warlick's last claim, that his due process rights were violated because his conviction was procured through governmentally-suborned perjury, is also a mixed question of law and fact. Creel v. Johnson, 162 F.3d 385, 391 (5th Cir. 1998). Warlick's due process rights were violated only if the government actually introduced perjured testimony, the government knew or should have known the testimony was false and there is some likelihood that the false testimony affected the verdict. Tayborn v. Scott, 251 F.3d 1125, 1130 (7th Cir.), cert. denied, 122 S. Ct. 376 (2001).

In the state court's view, Warlick's claim did not even vault the first hurdle:

We also find no evidentiary support for Warlick's claim that his conviction was procured through officially suborned perjury. Even if we accepted as true Warlick's allegation that he overheard a police officer direct someone to lie, Warlick does not

allege that any witness, either at the preliminary hearing or at trial, acted upon the police officer's suggestion. We don't know who the police officer was speaking to or what "item" was being referred to.

(Gov't Ex. M, <u>People v. Warlick</u>, No. 1-99-4234 at 6 (Ill. App. Ct. Nov. 8, 2000).) Given the state court's finding that Warlick had not identified either the perjurer or the perjurious testimony, its conclusion that his conviction was not procured through the use of officially-suborned perjury is a reasonable one.

### Conclusion

For the reasons set forth above, Warlick's petition for a writ of habeas corpus is denied and this case is dismissed with prejudice.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: __10-1-02__